Arnold L. Fein, J.
Motions of defendants and third- and fourth-party defendants to amend their respective answers and to dismiss the complaint granted, on the authority of Schwartz v. Public Administrator (30 A D 2d 193).
The complaint in the present action is premised on the alleged negligence of the defendants in creating, maintaining or permitting the existence of an excavation in the public roadway and in failing properly to cover, barricade, or otherwise safeguard the same, causing plaintiff’s automobile to strike the opening whereby he allegedly sustained the injuries and damages for which he sues.
In a prior action, a guest in plaintiff’s car sued him, only, for injuries sustained in the same accident, allegedly by reason of his sole negligence. As the sole defendant in that action, the present plaintiff impleaded the present moving parties as third-party defendants. He there alleged, as he does here, that the accident was caused solely by the negligence of the moving parties and not by any negligence on his part. The gravamen of his third-party complaint in that action was the same as that in his present complaint. This was the sole basis for his third-party complaint. The court and jury in that case, tried only on the issue of liability, found against him. Judgment was granted in favor of his guest as against him, as a defendant, and in favor of the present moving parties dismissing his third-party complaint. This was a determination that the accident was caused solely by his negligence in an action in which he affirmatively alleged the negligence was that of the present moving parties. He has had his day in court and is bound by the prior judgment, whether viewed as res judicata or a collateral estoppel.
The amended answers are good and sufficient. Even if Glaser v. Huette (256 N. Y. 686) and Minkoff v. Brenner (10 N Y 2d 1030) represent current doctrine, unimpaired by B. R. DeWitt, Inc. v. Hall (19 N Y 2d 141) and Schwartz v. Public Administrator (supra) they do not aid the plaintiff. The rationale of those cases is that the issues of negligence between the parties to the second action must have been affirmatively litigated and *245 determined as between them in the prior action if the prior judgment is to bar the second action. Application of that standard bars plaintiff here. (Cummings v. Dresher, 18 N Y 2d 105.)
The motions to amend the answers and to dismiss the complaint are granted. Complaint dismissed.